IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W. R. BERKLEY CORPORATION,<br><br>      Plaintiff,<br><br>    v.<br><br>JULIE ANN W. DUNAI,<br><br>      Defendant. | Civil Action No. 19-cv-1223-RGA |

MEMORANDUM OPINION

Scott A. Holt, Curtis J. Crowther, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE, Attorneys for Plaintiff.

Daniel C. Herr, LAW OFFICE OF DANIEL C. HERR LLC, Wilmington, DE; Kristen Prinz, Amit Bindra, THE PRINZ LAW FIRM, P.C., Chicago, IL, Attorneys for Defendant.

July 9, 2020

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Plaintiff, W.R. Berkley Corporation, initiated this action against Defendant, Julie Ann W. Dunai, on June 27, 2019. (D.I. 1). Plaintiff alleges breach of contract. (*Id*. at 8). Before the Court is the Defendant's Rule 12(b)(6) motion to dismiss the Complaint. (D.I. 9). The motion is fully briefed. (D.I. 10; D.I. 15; D.I. 16). For the reasons set forth below, the Court dismisses Defendant's motion without prejudice. The Court also orders the parties to submit a joint stipulation of facts to enable the Court to determine the enforceability of the choice-of-law provision in the parties' contractual agreement.

I. BACKGROUND

Plaintiff's complaint states the following. Defendant was employed as the Vice President of Corporate Services by Vela Insurance Service, a subsidiary of Plaintiff, from August 15, 2011 to January 17, 2019. (D.I. 1 ¶¶ 16-18 ). Plaintiff is a citizen of Delaware. (*Id*. ¶ 2). Defendant entered into Restricted Stock Unit (RSU) Agreements on four occasions: October 17, 2011; August 7, 2012; August 5, 2014; and August 5, 2015. (*Id*. ¶¶ 3-6). Defendant's Agreements vested on August 17, 2016; August 5, 2017; August 7, 2017; and August 5, 2018; the vested RSUs were valued at a total of $207,181.31. (*Id*. ¶¶ 7-10). Defendant began working for a competitor, Argo Group, as the Vice President Underwriting-Casualty Practice Leader within a year of Defendant voluntarily terminating her employment with Plaintiff. (*Id*. ¶¶ 19-20). A condition of the Agreements was that Defendant not engage in "Competitive Action" for a period of one year after her employment was terminated. (*Id*. ¶ 12). Plaintiff has the right to payment of the amount equal to the value of the stock shares delivered to Defendant "plus the value of any dividends paid on those shares of stock." (*Id*.). Under the terms of the Agreements, Plaintiff's Compensation Committee is solely responsible for determining whether a former employee has breached the

terms of the Agreements. (*Id.* ¶ 14; D.I. 1-1 ex. 1 § 3(d)(B); § 18). The Compensation Committee determined Defendant breached the Agreements by going to work for a competitor in the same geographical area. (*Id.* ¶¶ 20-26). Plaintiff seeks $207,181.31 plus "all dividends paid on shares of [Plaintiff's] common stock after the Settlement Date under the terms of the RSU Agreements." (*Id.* ¶ 29).

Defendant asserts that she lives in Illinois and lived in Illinois throughout the entire duration of her employment with Vela. (D.I. 10-1 ex. 1 ¶¶ 6-7). Defendant asserts that Plaintiff fails to state a claim because the Complaint is merely conclusory, and the restrictive covenant not to engage in "Competitive Action" is unenforceable under both Delaware and Illinois law. (D.I. 9; D.I. 10 at 2 ¶¶ 1-4).

II. LEGAL STANDARDS

Rule 8 of the Federal Rules of Civil Procedure requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the defendant to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d

Cir. 2002). A complaint may not be dismissed, however, "for [an] imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id*. at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id*.). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

III. DISCUSSION

Each of the Agreements contains an identical choice-of-law provision that stipulates actions arising under the Agreement be governed by the laws of Delaware.[1] (D.I. 1-1 ex. 1 § 18; ex. 2 § 19; ex. 3 § 19; ex. 4 § 19). The parties dispute whether the Court must adhere to the choice-of-law provision. (D.I. 1 ¶ 2; D.I. 10 at 2 ¶ 2).

The Court must determine if the choice-of-law provision is enforceable. Generally, Delaware courts honor contractually-designated choice-of-law provisions if the designated jurisdiction "bears some material relationship to the transaction." *Coface Collections N. Am. Inc. v. Newton*, 430 F. App'x 162, 166 (3d Cir. 2011); *Annan v. Wilmington Tr. Co.*, 559 A.2d 1289, 1293 (Del. 1989). A contractual choice-of-law provision is sufficient to create a material relationship between the transaction and the designated jurisdiction. *Change Capital Partners*

---

[1] "This Agreement shall be construed and interpreted in accordance with the laws of the State of Delaware, without regard to the principles of conflicts of law thereof. Grantee hereby irrevocably consents to the exclusive personal jurisdiction of the federal and State courts of the State of Delaware for the resolution of any disputes arising out of, or relating to, this Agreement." (D.I. 1-1 ex. 1 § 18).

4

*Fund I, LLC v. Volt Elec. Sys., LLC*, 2018 WL 1635006, at *5 (Del. Super. Ct. Apr. 3, 2018). The contract between the parties fulfills this threshold criteria.

Delaware courts will not uphold a choice-of-law provision, however, if the application of Delaware law would be contrary to the public policy of the state whose laws would govern the dispute in the absence of a valid choice-of-law provision.[2] *Coface*, 430 F. App'x at 166-67.

Delaware courts weigh five factors to determine which law would govern in the absence of a contractual choice-of-law provision: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) "the domicile, residence, nationality, place of incorporation, and place of business of the parties." *Enzo Life Sci., Inc. v. Adipogen Corp.*, 82 F. Supp. 3d 568, 595 (D. Del. 2015) (*quoting In re Am. LaFrance, LLC,* 461 B.R. 267, 272 (Bankr. D. Del. 2011)).

The record is currently insufficient for me to conduct a choice-of-law analysis to determine the enforceability of the Agreements' choice-of-law provision.[3] Thus, I cannot ascertain which state law would govern in the absence of the Agreements' choice-of-law provision. Without that determination, I cannot properly consider whether application of Delaware law would be contrary to the public policy of the applicable state.

Defendant attaches two pieces of additional evidence to her brief in support of her motion to dismiss: (1) a declaration by Defendant, and (2) a letter from Plaintiff to Defendant that offers

---

[2] Delaware courts will not uphold a contractual choice-of-law provision if "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties." *Coface*, 430 F. App'x at 166-67 (*quoting* Restatement (Second) of Conflict of Laws § 187(2) (1971)). In Defendant's brief, Defendant argues Illinois law would govern in the absence of the Agreements' choice-of-law provision. (D.I. 10 at 2).

[3] The allegations of the Complaint are insufficient to determine factors 1-4 or Defendant's citizenship.

5

Defendant employment.  (D.I. 10-1 ex. 1, ex. A).  Defendant asserts that the Court may properly consider Defendant's attached evidence because (1) Plaintiff's Complaint relies on the offer letter, and (2) the Defendant's declaration establishes facts—"some of which are publicly available." (D.I. 10 at 6 n.3).

When deciding a Rule 12(b)(6) motion, the Court is not always limited to the four corners of a complaint.  The Court may consider exhibits attached to a complaint as well as "document[s] integral to or explicitly relied upon in [a] complaint."  *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014);  *JAM Transp., Inc. v. Harleysville Mut. Ins. Co.*, 2012 WL 1134730, at *2 (D. Del. Mar. 28, 2012) (*quoting Angstadt v. Midd-W. Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004)).  The Court may consider matters of public record and an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *Kabbaj v. Google, Inc.*, 2014 WL 1369864, at *1 (D. Del. Apr. 7, 2014) (public records), *aff'd*, 592 F. App'x 74 (3d Cir. 2015);  *Smith v. People's Place, II, Inc.*, ___ F. App'x ___, 2020 WL 3446110, at *1 n.2 (3d Cir. June 24, 2020) (undisputedly authentic documents)(*quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Plaintiff does not rely on Defendant's offer letter in the Complaint.  Plaintiff has attached its own exhibits to establish the existence of a contractual relationship between the parties.  (D.I. 1-1 ex. 1-4).  Defendant has not established which aspects of Defendant's declaration are a matter of public record that I may properly consider.  If I were to consider Defendant's additional evidence, to do so would convert Defendant's Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.  *See JAM Transp., Inc.*, 2012 WL 1134730, at *2.

When, as here, a court does not have sufficient facts to conduct a choice-of-law analysis, the Court may grant limited discovery and order the parties to submit a joint stipulation of the requisite facts. *See Bearden v. Wyeth*, 2006 WL 8459438, at *3 (E.D. Pa. Feb. 6, 2006); *Bearden v. Wyeth*, 482 F. Supp. 2d 614, 617 (E.D. Pa. 2006). I will do that.

IV.     CONCLUSION

The Court dismissses Defendant's motion without prejudice and grants preliminary discovery (if necessary) to establish (1) the place of contracting; (2) the place of contract negotiation; (3) the place of performance for both parties; (4) the location of the subject matter of the contract; and (5) the domicile of the Defendant. It may be that the parties do not need discovery in order to determine any of the requisite facts. In either event, the parties are requested to submit a joint stipulation of facts, and then Defendant may renew her motion to dismiss with an amended brief.