IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

W. R. BERKLEY CORPORATION,

    *Plaintiff,*

    v.

JULIE ANN W. DUNAI,

    *Defendant.*

No. 1:19-cv-01223-SB

---

Scott A. Holt, Curtis J. Crowther, YOUNG, CONAWAY, STARGATT & TAYLOR LLP, Wilmington, Delaware.

    *Counsel for Plaintiff.*

Daniel C. Herr, LAW OFFICE OF DANIEL C. HERR LLC, Wilmington, Delaware; Kristen Prinz, Amit Bindra, THE PRINZ LAW FIRM, P.C., Chicago, Illinois.

    *Counsel for Defendant.*

---

**MEMORANDUM OPINION**

May 4, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Julie Dunai's employer gave her a generous bonus—with a catch. Now she says the catch was unreasonable. But it was not.

Dunai, a corporate vice president, got more than $200,000 in stock benefits from her former employer's parent company, W. R. Berkley. Compl., D.I. 1 ¶¶ 7–10, 29; D.I. 27 ex. A. But those grants came with strings attached: if Dunai engaged in "Competitive Action" against the company within a year of termination, W. R. Berkley could demand repayment. *Id.* ¶ 12. To determine whether Dunai did, indeed, violate the agreements, the parties agreed to give total decisionmaking authority to a Compensation Committee. *Id.* ¶ 14. And they agreed that Delaware law would govern any disputes. *Id.* ¶ 15.

After Dunai left her job and took up a high-ranking position with a rival, W. R. Berkley claimed that Dunai had breached her agreements, and the Committee agreed. *Id.* ¶¶ 19, 28. W. R. Berkley wanted repayment, so it sued. Dunai now moves to dismiss; she also brings a Rule 56 motion to determine whether Illinois, Connecticut, or Delaware law applies. D.I. 25. I find that Delaware law applies and will deny her motion.

## I. THE CONTRACT IS ENFORCEABLE

Dunai moves for partial summary judgment on what law I should apply. D.I. 25. Previously, this Court ordered limited discovery on that question. D.I. 18. Finding no genuine dispute of material fact in that discovery, I hold that Delaware law applies. Fed. R. Civ. P. 56(a). And under Delaware law, this contract is enforceable.

2

### A. Delaware law applies

In this diversity case, I must apply the choice-of-law rules of the forum state: Delaware. *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017). Delaware follows the Restatement (Second) of Conflicts of Law. *Focus Fin. Partners, LLC v. Holsopple*, 241 A.3d 784, 803 (Del. Ch. 2020). That means that, as a baseline, I should apply "[t]he law of the state chosen by the parties to govern their contractual rights and duties." Restatement (Second) of Conflict of Laws §187(1) (1971). Here, that is Delaware. D.I. 1 ¶15. But there are two exceptions to this general rule: one for lack of a substantial relationship to the chosen state, §187(2)(a); the other if using the chosen state's law would violate a "fundamental policy" of the state whose law would otherwise apply, §187(2)(b). Dunai asks me to apply Illinois rather than Delaware law and so invokes both exceptions.

But the first exception does not apply. As Delaware courts have explained, a party always has a substantial relationship to the state where he "is domiciled or has his principal place of business." *Focus Fin. Partners*, 241 A.3d at 804 (quoting Restatement (Second) §187 cmt. f.). The discovery confirms that W. R. Berkley is incorporated in Delaware. D.I. 27, ex. 2, at 2. And that is enough.

The second exception fares no better. If the choice-of-law provision did not exist, Illinois law would likely apply, because that is where Dunai worked and signed the agreements. Restatement (Second) §188. (Its contacts are much greater than Connecticut's, where W. R. Berkley merely signed the agreements.) But that does not matter. As Dunai argues it, there is no conflict between Illinois and Delaware law. Dunai points to no law in Illinois banning or disfavoring noncompetes. *Cf. Focus Fin.*

*Partners*, 241 A.3d at 804, 814–15, 821 (finding a conflict of laws because California law, unlike Delaware law, makes choice-of-forum and choice-of-law provisions voidable). True, a difference in legal tests could amount to conflict of laws. *See Certain Underwriters at Lloyds, London v. Chemtura Corp.*, 160 A.3d 457, 464 (Del. 2017). But Dunai says that Illinois law is indistinguishable from Delaware's: both Illinois and Delaware courts apply a "reasonableness" test to noncompetes. *Compare* D.I. 27 at 10 *with id.* at 14. That concession ends this dispute; a conflict-of-law analysis has no place where conflict does not exist. I see no functional difference between the two tests she cites. Because there is no conflict, there is no need to go further.

Even if there were a conflict of laws, it would not matter. Though Dunai improperly classifies her contract provision as a "noncompete," it is actually a clawback. She was free to work for a competitor right away. The only condition was, if she did so within one year, she had to repay the stock grants that the company had given her. *Cf. Tatom v. Ameritech Corp.*, 305 F.3d 737, 744 (7th Cir. 2002) ("Federal cases draw a distinction between provisions that prevent an employee from working for a competitor and those that call for a forfeiture of certain benefits should [s]he do so."); *Lucente v. IBM Corp.*, 75 F. Supp. 2d 169, 172 (S.D.N.Y. 1999) ("[A]n employee who receives benefits conditioned on not competing with the conferring employer has the choice of retaining his benefits by refraining from competition or risking forfeiture of such benefits by exercising his right to compete.") (internal quotation omitted).

Clawback agreements do not violate Illinois's public policy. *Kim v. Citigroup, Inc.*, 368 Ill. App. 3d 298, 309 (2006); *see also Anderson v. Equitable Life Assur. Soc. of*

*U.S.*, 17 Ill. App. 3d 489, 493 (1974). That means that the fundamental-policy exception fails, and Delaware law applies. No matter which way I approach it, I must apply Delaware law.

**B. The contract is reasonable**

Under Delaware law, interpreting a contract is a question of law that I can resolve on a motion to dismiss. *MicroStrategy Inc. v. Acacia Rsch. Corp.*, 2010 WL 5550455, at *5 (Del. Ch. Dec. 30, 2020) (collecting cases). Dunai asks me to do just that, declaring the contract "not enforceable under … Delaware law." D.I. 25 at 1. But I find this contract reasonable. Indeed, Delaware law often *favors* this type of clawback provision. For decades, Delaware courts have required stock grants to include conditions ensuring that the grants do not constitute waste or a gift of corporate assets. *Beard v. Elster*, 160 A.2d 731, 735–36 (Del. 1960). The corporation must "reasonably expect to receive the contemplated benefit from the grant of options." *Id.* at 737. And "there must be a reasonable relationship between the value of the benefits passing to the corporation and the value of the options granted." *Id.*

W. R. Berkley granted Dunai—a corporate vice president—tremendous benefits. To make sure that was not for naught, it imposed a reasonable restriction on its grants: if Dunai competed against the company within one year of termination—an action the parties agreed "would result in irreparable injuries to [W. R. Berkley] and would cause loss in an amount that cannot be readily quantified," D.I. 1-1 at 4—she had to forfeit the stock or repay the granted value. Indeed, Dunai would never be worse off than she would have been before the agreements. And if the stock price had gone up between the grant and the repayment, she could repay the original grant

5

price and dividends, keep the more-valuable stock, and still come out ahead. Nothing about that is unreasonable.

**C. The contract is not an unenforceable liquidated-damages provision**

Finally, Dunai argues that the contract is an unenforceable liquidated-damages provision. Not so. Indeed, the Superior Court of Delaware dismissed the same argument out of hand:

> [T]he Court is unpersuaded by the Defendant's liquidated damages argument. Counsel may put whatever spin they want on this provision, but to the Court it is simply a contractual obligation that requires a senior management employee to [comply with an agreement] if [s]he wants to retain the full benefit of the stock option. ... [She] knew of this obligation and simply now is asking the Court to free [her] of this responsibility.

*W.R. Berkley Corp. v. Hall*, 2005 WL 406348, at *5 (Del. Sup. Ct. Feb. 16, 2005). I find that analysis persuasive—as many courts in similar situations have. *See, e.g., Press Ganey Assocs., Inc. v. Dye*, 2014 WL 1116890, at *7 (N.D. Ind. Mar. 19, 2014). While Dunai claims that the penalty is untethered from any damages W. R. Berkley incurred, D.I. 27 at 18, that argument misunderstands the nature of her agreement. This is not a $200,000 penalty for working for a competitor; it is returning a supplemental benefit for breaching the terms of a bargain. That is not a liquidated-damages provision.

## II. W. R. BERKLEY'S COMPLAINT IS NOT CONCLUSORY

Finally, Dunai claims that the complaint is "conclusory." D.I. 25 at 1. It is not. W. R. Berkley needed to provide "a short and plain statement of the claim showing that [it] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Delaware, "to state a breach of contract claim, the plaintiff must demonstrate: first, the existence of the contract,

6

whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003); *see also H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 144 (Del. Ch. 2003). W. R. Berkley's complaint does that and more: it sets out the contract that Dunai signed; the specific contractual provisions that it claims she breached; how she breached those provisions; and how the Compensation Committee determined that she had breached them, as the contract provides. The purpose of the well-pleaded-complaint doctrine is to ensure that a party has notice of the claim being asserted against it. That is met here.

\* \* \* \* \*

Dunai might regret the terms of the contracts she signed, but regret does not make a contract unreasonable. Finding that Delaware law applies, I will deny her motion to dismiss.