IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

W. R. BERKLEY CORP.,

      *Plaintiff,*

    v.

JULIE ANN W. DUNAI,

      *Defendant.*

No. 1:19-cv-01223-SB

Scott A. Holt, Young, Conaway, Stargatt & Taylor LLP, Wilmington, Delaware; Curtis J. Crowther, Robinson & Cole LLP, Wilmington, Delaware.

*Counsel for Plaintiff.*

Daniel C. Herr, Law Office of Daniel C. Herr LLC, Wilmington, Delaware; Kristen E. Prinz, Amit S. Bindra, The Prinz Law Firm, P.C., Chicago, Illinois.

*Counsel for Defendant.*

**MEMORANDUM OPINION**

December 16, 2022

BIBAS, *Circuit Judge*, sitting by designation.

    I granted Plaintiff W. R. Berkley's motion for summary judgment on September 28, 2022. D.I. 70. But that order was not a final judgment. Final judgment on a summary-judgment motion "must be set out in a separate document," "saying who has won and what relief has been awarded." Fed. R. Civ. P. 58(a); *Loc. Union No. 1992 of*

*Int'l Bhd. of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 284 (3d Cir. 2004) (internal quotation marks omitted).

My summary-judgment order did the former but not the latter. It granted W. R. Berkley's summary-judgment motion, but it did not specify what W. R. Berkley was entitled to recover. So W. R. Berkley exercised its right under Rule 58(d) to request entry of judgment. Defendant Julie Dunai protests that it has been more than twenty-eight days since the summary-judgment order, so W. R. Berkley's motion is barred by Rule 59(e). But because W. R. Berkley is requesting that I enter final judgment, Rule 59(e)'s time bar on motions to "alter or amend a judgment" is inapplicable.

W. R. Berkley is entitled to the amount requested in the complaint ($207,181.31) plus pre- and postjudgment interest.

To calculate prejudgment interest, I look to Delaware's statutory-default rate: "5% over the Federal Reserve discount rate … as of the time from which interest is due." 6 Del. C. § 2301(a). W. R. Berkley asks for prejudgment interest to run from the day it filed its complaint, so I will not search out some earlier date of breach. D.I. 73; c*f. Chaplake Holdings Ltd. v. Chrysler Corp.*, 2003 WL 22853462, at *4 (Del. Super. Ct. Oct. 30, 2003), *superseded by statute on other grounds*, 6 Del. C. § 2301(a), *as recognized in Noranda Aluminum Holding Corp. v. XL Ins. Am., Inc.*, 269 A.3d 974, 982 n.64 (Del. 2021). When the complaint was filed in June 2019, the discount rate was 3%. Fed. Rsrv. Bank, Interest Rates, Discount Rate for United States, https://fred.stlouisfed.org/series/INTDSRUSM193N. So the prejudgment interest rate is 8%.

Because both parties here are financially sophisticated, I will exercise my discretion to annually compound that interest. *See Williams Cos., Inc. v. Energy Transfer LP*, 2022 WL 3650176, at *6 (Del. Ch. Aug. 25, 2022). Compound interest is computed using the formula below, where $A$ is the total amount, $P$ is the initial principal, $r$ is the interest rate expressed as a decimal, $n$ is the number of times interest is compounded per time period, and $t$ is the number of time periods expressed as years and fractions of years:

$$A = P\left(1 + \frac{r}{n}\right)^{nt}$$

Applying that formula here, we get:

$$\$270{,}684.75 = \$207{,}181.31\left(1 + \frac{0.08}{1}\right)^{1(3+(173/365))}$$

So that is what Dunai must pay: $270,684.75 as of December 16, 2022.

As for postjudgment interest, it compounds annually at the federal statutory rate: "the weekly average 1-year constant maturity Treasury yield … for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Last week, that was 4.72%. Fed. Rsrv. Bank, Market Yield on U.S. Treasury Securities at 1-year Constant Maturity, Quoted on an Investment Basis, https://fred.stlouisfed.org/series/DGS1. And postjudgment interest runs from the "date of the entry of the judgment" to the date of payment. § 1961(a), (b). So postjudgment interest will accrue on the $270,684.75 from December 16, 2022, at 4.72% and compound annually.